IN THE UNITED STATES DISTRICT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM C. STONE and CAROLYN MARK, Plaintiffs, | ) |
| v. | ) Civil Action No. 1:05-cv-00333-S-DLM |
| UNITED STATES OF AMERICA, Defendant. | ) |

**UNITED STATES' ANSWER**

The defendant, United States of America, by its undersigned counsel answers the complaint in this action as follows:

FIRST DEFENSE

The action is barred by the sovereign immunity of the United States of America in that plaintiffs' complaint fails to comply with the pleading specificity requirements set forth in 28 U.S.C. § 2410(b); furthermore, the United States has not waived its sovereign immunity to the claim, if any, set forth in Count V of the complaint ("Marshaling"), so that Count V must, in any event, be dismissed.

SECOND DEFENSE

Count V of the complaint ("Marshaling") fails to state a claim upon which the district court may grant relief against the United States, so that Count V must be dismissed.

THIRD DEFENSE

As and for its third defense, the United States of America responds to the separately-

numbered paragraphs of the complaint, stating and alleging as follows:

1. Admit, except that the Plaintiffs hold the property, subject to the federal tax lien.

2. The United States lacks knowledge or information sufficient to form a basis as to whether Ashton is a resident of North Carolina. The Untied States admits the remainder of the allegations in Paragraph 2.

3. The United States denies that Crescent has first priority. The United States lacks knowledge or information sufficient to form a basis as to the truth of the remainder of the allegations as set forth in Paragraph 3.

4. The United States lacks knowledge or information sufficient to form a basis as to the whether the Beachums are residents of North Carolina. The United States denies that the Beachums were mere transitory titleholders.

5. The United States admits that a federal tax lien in the amount of $39,026.04 was filed on April 29, 2002.

6. Admit.

7. The United States' responses to Paragraphs 1-6 are incorporated herein by reference.

8. Admit.

9. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 9.

10. The United States lacks knowledge or information sufficient to form a basis as to the whether the leasing agreement was unrecorded. The United States admits the remainder of the allegations in Paragraph 10.

11. The United States lacks knowledge or information sufficient to form a basis as to the

whether the leasing agreement was unrecorded. The United States admits the remainder of the allegations in Paragraph 11.

12. Admit.

13. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 13.

14. The United States lacks knowledge or information sufficient to form a basis as to whether the IRS was notified of all proceedings. The United States admits the remaining allegations in Paragraph 14.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 20.

21. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 21.

22. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 22.

23. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 23.

24. The United States admits that Ashton executed a Quitclaim Deed to the Beachums. The

United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations as set forth in Paragraph 24.

25. United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 25.

26. The United States admits that Plaintiffs borrowed $360,000 that was secured by a mortgage and that the title documents attached as exhibits 7, 8, and 9 were recorded one after another. United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations as set forth in Paragraph 25.

27. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 27.

28. United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 28.

29. The United States admits that the instant the deed was transferred to the Beachums, the federal tax lien immediately attached on this after-acquired property. The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations as set forth in Paragraph 29

30. The United States' responses to paragraphs 1-29 are incorporated herein by reference.

31. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 31.

32. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 32.

33. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 33.

34. The United States denies that the title should be reformed. The United States denies that the interests of the Untied States should be discharged.

35. The United states admits that the plaintiffs and defendant have not resolved their differences. The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations as set forth in Paragraph 35.

36. The United States' responses to paragraphs 1-35 are incorporated herein by reference.

37. Deny.

38. Deny.

39. Deny that the plaintiffs are entitled to receive the relief they seek.

40. The United States' responses to paragraphs 1-39 are incorporated herein by reference.

41. The United States denies that the payments made are superior to any purported remaining interests of the IRS. The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations as set forth in Paragraph 41.

42. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 42.

43. Deny.

44. The United States' responses to paragraphs 1-43 are incorporated herein by reference.

45. Deny.

46. The United States' responses to paragraphs 1-45 are incorporated herein by reference.

47. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 47.

48. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 48.

49. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 50.

50. Paragraph 50 is not a factual allegation to which the United States is required to respond.

51. The United States' responses to paragraphs 1 -50 are incorporated herein by reference.

52. Deny.

53. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 53.

54. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 54.

55. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 55.

56. The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations as set forth in Paragraph 56.

WHEREFORE, the United States requests that the Court determine that the United States' federal tax lien has attached to the property at issue.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant United States Attorney

WENDY J. KISCH
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6553
fax: (202) 514-5238
e-mail: wendy.j.kisch@usdoj.gov

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing United States' Answer has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 9th day of 2005:

James P. Marusak
Gidley, Sarli & Marusak
One Turks Head Place, Suite 900
Providence, RI 02903

WENDY J. KISCH
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6553